UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DARRYL DAVIS # 227711**                                    **CIVIL ACTION**

**Versus**                                                   **NO. 05-0401**

**JAMES D. MILLER, Jr., WARDEN**                             **SECTION "C"**

## ORDER AND REASONS

Before the Court is a petition for habeas corpus by Darryl Davis ("Petitioner") pursuant to 28 U.S.C. § 2254.  As grounds for relief, Petitioner claims that his sentence as a third offender was illegal.

Upon review of the record, this Court has determined that Petitioner's habeas corpus petition is not timely under the statute of limitations imposed by 28 U.S.C. § 2254(d).  Moreover, irrespective of that time bar, a thorough review of the record indicates that Petitioner's claim is without merit.  For the reasons set forth below, this petition is DENIED.

**I. Procedural History**

Petitioner, Darryl Davis, is a state court prisoner incarcerated at Washington Correctional

Institute, Angie, LA.[1]  On February 24, 1999, Petitioner was found guilty of (1) count of theft of goods valued at more than $100, but less than $500, a violation of La-R.S. 14:67.10.[2]  On February 4, 2000, Petitioner was sentenced to two years, at which time the State filed a multiple offender bill.[3]  Petitioner pled not guilty to the multiple offender bill and the hearing was set for February 9, 2000.[4]  Petitioner was adjudicated a multiple offender, and on February 25, 2000 Petitioner's original sentence of two years was vacated and Petitioner was sentenced to fifteen years.[5]

The Petitioner filed a direct appeal and on July 30, 2001, Louisiana's Fifth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence.[6]  Petitioner's motion for rehearing was denied on September 6, 2001.[7]  Petitioner did not file for supervisory writs in the Supreme Court of Louisiana and his sentence became final on October 6, 2001.

On July 24, 2002 Petitioner's Notice of Intent to File Post Conviction Relief was filed.[8] On January 27, 2003, Petitioner filed a Motion to Correct an Illegal Sentence in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[9]  On June 3, 2003 the District Court denied the motion.[10]  On July 3, 2003 Petitioner filed an application for supervisory writs to Louisiana's Fifth Circuit Court of Appeals.[11]  On July 17, 2003 the Fifth Circuit denied the

---

[1] Fed. Rec. Doc. 2, Darryl Davis Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By Person in State Custody, Memorandum of Law in Support of Habeas Corpus Petitioner, post marked January 28, 2005.
[2] State Rec., Vol. III of IV, Jury Verdict Form, February 24, 1999.
[3]  State Rec. Vol. III of IV, Commitment Order, February 4, 2000.
[4]  State Rec. Vol. III of IV, Commitment Order, February 4, 2000.
[5]  State Rec. Vol. III of IV, Commitment Order, February 25, 2000.
[6]  State Rec. Vol. I of IV, Fifth Circuit Opinion Affirming Trial Court Judgment, July 30, 2001.
[7]  State Rec. Vol. I of IV, Fifth Circuit Opinion Affirming Trial Court Judgment, September 6, 2001.  (The court did not issue a separate denial of the Motion for a Rehearing, but instead wrote on the original order that the rehearing was refused on September 6, 2001).
[8]  State Rec. Vol. I of IV, Notice of Intent to File Post Conviction Relief, July 24, 2002.
[9]  State Rec. Vol. I of IV, Motion to Correct Illegal Sentence, January 27, 2003.
[10] State Rec. Vol. I of IV, Motion Hearing, June 3, 2003.
[11] State Rec. Vol. II of IV, Application to Fifth Circuit Court of Appeals, July 3, 2003.

Petitioner's application.[12]  On August 6, 2003 Petitioner applied for supervisory writs to the Supreme Court of Louisiana.[13]  Without assigning reasons, the Supreme Court denied Petitioner's application on June 18, 2004.[14]  Subsequently, Petitioner filed this federal application for habeas corpus on January 27, 2005.[15]

**II. Timeliness**

After thoroughly reviewing the record, the Court finds that Petitioner's application was not timely filed. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a Petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.  (28 U.S.C. § 2244(d)).  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one year limitation period for seeking federal habeas corpus relief commenced running on the date on which that judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  Because Petitioner's direct appeal and motion for rehearing was denied by Louisiana's Fifth Circuit Court of Appeals and he did not appeal to the Supreme Court of Louisiana, his conviction became final on October 6, 2001, thirty days after the motion for rehearing was denied by the Court of Appeals on September 6, 2001.

On this date, the one-year statute of limitations for filing a federal habeas corpus petition began to run.  *See Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  However, the AEDPA's one year statute of limitations is tolled for the period during which a properly filed application for post state conviction relief or other

---

[12] State Rec. Vol. II of IV, Application to Fifth Circuit denied, July 17, 2003.
[13] State Rec. Vol. IV of IV, Application to Supreme Court, August 6, 2003.
[14] State Rec. Vol. IV of IV, Supreme Court Opinion Denying Application, June 18, 2004.
[15] Fed. Rec. Doc. 2, Darryl Davis Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By Person in State Custody, Memorandum of Law in Support of Habeas Corpus Petitioner, post marked January 28, 2005.

collateral review attacking a conviction or sentence is pending in state court. *See Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). 291 days lapsed from October 6, 2001 until July 24, 2002, when Petitioner filed his motion for post conviction relief. From July 24, 2002 until June 18, 2004, when the Louisiana Supreme Court denied his petition, the statute of limitations was tolled for a period of 695 days while Mr. Davis' application for state post-conviction relief was pending in state court. Between June 18, 2004 and January 27, 2005, when the Petitioner filed the instant petition, 223 days of the statute of limitations lapsed. Even with the tolling for the period during which Mr. Davis' state applications were pending, the total number of days lapsed was 514, which is 149 days past when the statute of limitations expired.

For the reasons stated above, the Court finds that Mr. Davis' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is not timely. Nonetheless, and because of the close scrutiny under which a federal habeas court, applying AEDPA, is required to review the record for purposes of timeliness and other procedural matters, the Court has reviewed Petitioner's claim and determined that it is without merit.

## III. Illegality of Sentence as Multiple Offender

In his federal petition, Mr. Davis claims that his sentence as a multiple offender was not legal. Specifically, he claims that the district court relied on a conviction that could not be used for multiple offender purposes. Mr. Davis also argues that the prior conviction could not be used for multiple offender purposes because the ten year cleansing period has expired.

When the State filed the multiple offender bill it relied on two previous convictions: 1) Cruelty to a Juvenile, in violation of La. R.S. 14:93, and 2) Distribution of Cocaine, in violation

4

of La. R.S. 40:967(A).[16] The Petitioner pled guilty to the first offense on May 28, 1987 and pled guilty to the second offense on March 23, 1998.[17]

The Petitioner's argument revolves around the first offense. On May 28, 1987, the Petitioner pled guilty to cruelty to a juvenile, in violation of La. R.S. 14:93, under La. C. Cr. P. Art. 893, which allowed him to receive probation instead of prison time and ultimately, a dismissal of the charges against him.[18] In exchange for his guilty plea the State dismissed the aggravated battery charge against him and he was sentenced to eighteen months active probation.[19] The Petitioner successfully completed his probation on November 30, 1988 and the prosecution against him was dismissed on December 9, 1988.[20]

The Petitioner argues that because his sentence for the above crime was deferred and he was sentenced only to probation, that the sentence cannot be used for multiple offender purposes. Petitioner analogizes La. C. Cr. P. Art. 893 to now repealed La. R.S. 40:983. Under La. R.S. 40:983, guilty pleas were not to be used for multiple offender adjudication purposes. However, Petitioner provides no support that would allow this Court to conclude that deferred sentences under La. C. Cr. P. Art. 893 should be treated the same as guilty pleas under repealed La. R.S. 40:983 for multiple offender adjudication purposes.

Furthermore, a review of La. C. Cr. P. Art. 893 reveals the exact opposite. Under La. C. Cr. P. Art. 893(D)(1)(a), the court may defer the imposition of a sentence and order probation for a defendant's first noncapital felony conviction. La. C. Cr. P. Art. 893(D)(2) states:

> "Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the

---

[16] State Rec. Vol. III of IV, Multiple Offender Bill of Information, October 25, 1999. (The State filed two Multiple Offender Bills of Information. Both appear to contain the same information. For the sake of recency, the Court refers to the bill filed last.)
[17] State Rec. Vol. III of IV, Multiple Offender Bill of Information, October 25, 1999.
[18] Fed. Rec. Doc. 2, Ex. Commitment Order, May 28, 1987.
[19] Fed. Rec. Doc. 2, Ex. Commitment Order, May 28, 1987.
[20] Fed. Rec. Doc. 2, Ex. Petition for Cause, December 9, 1988.

conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, expect that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender…"

Under the statute, Petitioner's first offense, although dismissed, can be treated as a conviction for multiple offender purposes. As a result, the Court finds the Petitioner's first argument to be without merit.

Next, the Petitioner argues that even if his sentence for this offense is final, it did not occur within the ten year cleansing period provided by La. R.S. 15:529.1 and therefore could not be used a predicate offense. La. R.S. 15:529.1 sets forth the standard used when a defendant is adjudicated a second or subsequent offender. Under La. R.S. 15:529.1(C),

"the current offense [cannot] be counted as, respectively, a second, third, fourth, or higher offense if more than ten years have elapsed between the date of the commission of the current offense or offenses and the expiration of the maximum sentence or sentences of the previous conviction or convictions…"

The Petitioner claims that more than ten years have elapsed since the conclusion of his 1987 offense and the current offense, and as such the 1987 offense could not have been used for multiple offender adjudication purposes. In the instant case, the Petitioner pled guilty to his first offense, cruelty to a juvenile, on May 28, 1987, was sentenced to eighteen months probation, and completed his probation on November 30, 1988.[21] While the record does not reflect the date on which the Petitioner was arrested for his second offense, distribution of cocaine, it does show that he pled guilty to the charge on March 23, 1998, which is less than ten years between Petitioner's first and second felony convictions.[22] As a result, the Court finds that the cleansing period does not apply and the use of the first conviction was appropriate.

---

[21] Fed. Rec. Doc. 2, Ex. Petition for Cause, December 9, 1988.
[22] State Rec. Vol. III of IV, Multiple Offender Bill, October 25, 1999.

6

For the reasons stated above, the Court finds that the district court did not err in using the Petitioner's cruelty to a juvenile conviction as a first offense for multiple offender adjudication purposes.

## IV. Conclusion

For the purposes of the limited review that can be taken by this Court, and having considered the complaint, the record, and the applicable law, it is determined that Petitioner has not established that his state conviction and sentence present grounds for the relief requested. Accordingly, IT IS ORDERED that the petition of DARRYL DAVIS for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana this 11th day of July, 2006.

_____
HELEN G. BERRIGAN
U.S DISTRICT JUDGE